**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MILITA BARBARA DOLAN,<br>on behalf of herself and all<br>others similarly situated**,**<br><br>                   *Plaintiff,*<br><br>            *v.*<br><br>JETBLUE AIRWAYS CORPORATION,<br><br>                  *Defendant.* | Civil Action No. 1:19-cv-00457<br><br><br>Related to Case No. 0:18-cv-62193-RNS,<br>currently pending in the U.S. District<br>Court for the Southern District of Florida |

**MEMORANDUM OF LAW IN SUPPORT OF NON-PARTY
UNITED AIRLINES' MOTION TO QUASH DEPOSITION SUBPOENA**

Pursuant to Federal Rules of Civil Procedure 45(d)(3) and 26(b)(2), Movant United Airlines, Inc. ("United") respectfully moves to quash a subpoena for corporate representative deposition (the "Subpoena") served on United by Plaintiff in the case styled as *Milita Barbara Dolan v. JetBlue Airways Corp.*, Case No. 0:18-cv-62193-RNS (S.D. Fla.) (the "JetBlue Suit").[1]

The Subpoena presents a transparent attempt by Plaintiff's counsel, Leon Cosgrove, to circumvent the discovery stay imposed by Judge Alonso in a separate lawsuit brought against United by Leon Cosgrove in this District.[2] Indeed, another court has already determined that a similar discovery subpoena by Leon Cosgrove in the JetBlue Suit was issued for an "improper purpose." *See* Order, *Dolan v. JetBlue Airways Corp.*, No. 4:18-MC-023-A, Dkt. 11 (N.D. Tex. Nov. 15, 2018), attached as Exhibit C. Plaintiff can obtain the information she seeks in the

---

[1] A true and correct copy of the Subpoena is attached hereto as Exhibit A. The Amended Complaint in the JetBlue Suit is attached as Exhibit B.

[2] The same Plaintiff's counsel have also sued Delta Air Lines in a case styled as *Donoff v. Delta Air Lines, Inc.*, Case No. 9:18-cv-81258-DMM (S.D. Fla.) (the "Delta Suit") and American Airlines, in a case styled as *Zamber v. Am. Airlines, Inc.*, Case No. 1:16-cv-23901-JEM (S.D. Fla.).

Subpoena (to the extent relevant to Plaintiff's claims against *JetBlue*) through discovery from JetBlue in the JetBlue Suit. To the extent Plaintiff seeks information regarding *United's* travel insurance-related knowledge, practices, and competitive strategies, that discovery is not relevant to Plaintiff's claims against JetBlue. There is no need in the JetBlue Suit for testimony by United, a non-party. Finally, Plaintiff's Subpoena would require United to disclose commercially sensitive information to United's competitor, JetBlue, and – based on Plaintiff's counsel's articulated position that discovery materials designated as confidential in the JetBlue Suit may be publicly filed – to the public. The Court should quash the Subpoena.

## FACTUAL BACKGROUND

A. The *Flores v. United* Suit and Judge Alonso's Discovery Stay.

Plaintiff's counsel in the JetBlue Suit, Leon Cosgrove, also represent an airline passenger in a suit against United currently pending before Judge Alonso in this District and styled as *Patricia Flores v. United Airlines, Inc.*, Case No. 1:18-cv-06571 (N.D. Ill.) (the "*Flores* Suit"). The *Flores* Suit challenges United's marketing of travel insurance on its website. Specifically, the *Flores* Suit plaintiff alleges that United's alleged conduct of receiving compensation from its travel insurance partner violates certain state and federal laws.

On November 13, 2018, after hearing argument from the parties, Judge Alonso stayed all discovery in the *Flores* Suit other than the parties' obligation to comply with the requirements of the Northern District of Illinois' Mandatory Initial Discovery Pilot Project (the "MIDP"). *See* Minute Entry, *Flores*, Dkt. 13 (N.D. Ill. Nov. 13, 2018) ("Discovery is stayed."). Shortly thereafter, on December 1, 2018, the Northern District of Illinois amended the Standing Order governing the MIDP to provide that a defendant is no longer required to file an answer while its motion to dismiss is pending, and that, accordingly, the MIDP initial disclosure deadline is not

triggered during the pendency of a motion to dismiss. *See* MIDP Standing Order, available online at https://www.ilnd.uscourts.gov/_assets/_documents/MIDP%20Standing%20Order%20Dec0118.pdf, § A(3)-(4).[3]

On December 18, 2018, United moved to dismiss the original Complaint in the Flores Suit. Motion to Dismiss, *Flores*, Dkt. 15 (N.D. Ill. Dec. 18, 2018). In accordance with the Amended MIDP Standing Order, United did not answer the Complaint at that time, and the MIDP disclosure obligations were accordingly not triggered. *See* Minute Entry Order, *Doe v. Univ. of Chi.*, No. 1:18-cv-07429, Dkt. 19 (N.D. Ill. Dec. 26, 2018) (in case filed before December 1, 2018, where answer was due *after* MIDP amendment, ordering that defendant need not answer the complaint while its Rule 12(b)(6) motion was pending). On January 8, 2019 – the 21st day after the filing of United's motion – Flores filed a First Amended Class Action Complaint. First Amended Complaint, *Flores*, Dkt. 23 (N.D. Ill. Jan. 8, 2019). United's response to that pleading is due to be filed on February 15, 2019, and United intends to again move to dismiss. Minute Entry, *Flores*, Dkt. 26 (N.D. Ill. Jan. 15, 2019) (United's motion to dismiss is due February 15, 2019). Under the Amended MIDP Standing Order, the deadline for the parties to exchange MIDP initial disclosures will therefore not occur until after Judge Alonso rules on United's motion to dismiss and (if necessary) United answers the Amended Complaint. In the meantime, under Judge Alonso's November 13, 2018 Order and the Amended MIDP Standing Order, the parties in the *Flores* Suit are prohibited from engaging in discovery while Judge Alonso considers whether the plaintiff can state a viable claim against United on an individual or class-wide basis.

---

[3] The District amended the MIDP because it recognized that "the early-answer requirement of the MIDP imposed unnecessary costs on parties who ultimately succeed on Rule 12 motions." *See* https://www.ilnd.uscourts.gov/_assets/_documents/MIDP%20Changes%20Effective%2012-1-18.pdf

B.   The JetBlue Suit.

Plaintiff in the JetBlue Suit is represented by the same Leon Cosgrove attorneys who represent the plaintiff in the *Flores* Suit.  The JetBlue Suit, similar to the *Flores* Suit, challenges JetBlue's marketing of travel insurance on its website.  Plaintiff in the JetBlue Suit asserts claims for violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), unjust enrichment, and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO").  The JetBlue Suit does not contain any allegations against United, nor does it even mention United. *See generally* Ex. B.  JetBlue has moved to dismiss Plaintiff's claims, arguing that each of Plaintiff's claims is preempted by the Airline Deregulation Act, 49 U.S.C. § 41713(b)(1), or by the McCarran-Ferguson Act, 15 U.S.C. §§ 1011-1015, and that Plaintiff fails to state any viable claim for relief under Florida and federal law.  *See* Motion to Dismiss, *Dolan*, Dkt. 32 (S.D. Fla. Dec. 18, 2018).  JetBlue's motion to dismiss remains pending.

Further, days before Plaintiff served the Subpoena on United, JetBlue moved to stay discovery in the JetBlue Suit pending a ruling on its motion to dismiss.  Motion to Stay Discovery, *Dolan*, Dkt. 35 (S.D. Fla. Dec. 29, 2018).  JetBlue sought the stay because Plaintiff had "flooded" more than 15 non-parties, including "14 different state insurance departments," with "burdensome, intrusive and/or irrelevant discovery." *Id*. at 1.  JetBlue's motion to stay likewise remains pending.

C.   The Subpoena.

Plaintiff served the Subpoena on United on January 9, 2019, without any prior communication with United or its counsel about her intent to serve a subpoena.  The Subpoena demands that United designate one or more corporate representatives pursuant to Federal Rule of Civil Procedure 30(b)(6) to testify on the following topics:

(1)     United Airlines' participation in or attendance at conferences, meetings, or other gatherings sponsored by Allianz related in any manner to travel insurance and attended by representatives of JetBlue or any other travel provider.

(2)     The uniformity or differences in pricing to consumers for the Allianz insurance made available for sale on the website of JetBlue in comparison to the Allianz travel insurance policies made available for sale on United Airlines' website.

(3)     All ways in which United Airlines competes with JetBlue related to the sale of travel insurance policies on [United's] website.

Ex. A. at 3-4.

## ARGUMENT

## I.     The Court Should Quash the Subpoena Under Rule 45(d)(3)(B).

A court "*must* quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv) (emphasis supplied).[4]  This provision is mandatory: once the subpoenaed party demonstrates undue burden, the court is required to quash or modify the subpoena.  *Uppal v. Rosalind Franklin Univ. of Med. & Sci.*, 124 F. Supp. 3d 811, 813 (N.D. Ill. 2015) (recognizing that the "textually mandatory requirement" in Rule 45(d)(3)(A)(iv) differs from the discretionary language in Rule 26(c)).  To determine whether a subpoena imposes an "undue burden," courts consider (1) the subpoenaed person's status as a non-party; (2) the relevance of the discovery sought; (3) the subpoenaing party's need for the information sought; (4) the breadth of the request; and (5) the burden imposed.  *Earthy, LLC v. BB&HC, LLC*, No. 16 CV 4934, 2017 WL 4512761, at *3 (N.D. Ill. Oct. 10, 2017).  All these factors demonstrate that the Subpoena imposes an "undue burden" on United and "must" be quashed.

---

[4] This Motion is properly filed in "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(3)(A); Ex. A (requiring compliance in Chicago, Illinois).  Further, this Motion is "timely" because it is filed before January 28, 2019, the Subpoena's date of compliance. Ex. A; *see Woodard v. Victory Records, Inc.*, No. 14 CV 1887, 2014 WL 2118799, at *4 (N.D. Ill. May 21, 2014) ("[C]ourts in this district have previously held that a motion to quash is timely when made at or before the time of compliance.").

A.  As a Non-Party, United is Entitled to Greater Protection Than Parties.

Courts in this District have repeatedly recognized and emphasized that non-parties are entitled to greater protection in discovery than parties. *See, e.g., Uppal*, 124 F. Supp. 3d at 813 ("[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to *special weight* in evaluating the balance of competing needs.") (emphasis in original); *Earthy*, 2017 WL 4512761, at *2 (recognizing that "th[e] court owes a greater duty of protection" to non-parties in discovery); *Martinez v. City of Chi.*, No. 14 C 369, 2014 WL 5529644, at *2 (N.D. Ill. Nov. 3, 2014) (recognizing "the solicitude accorded non-parties under Rule 45"). United is not a party to the JetBlue Suit, and therefore has "a different set of expectations" regarding discovery in that case than the parties do. *Uppal*, 124 F. Supp. 3d at 813.

Moreover, United *is* a party in a *different* lawsuit in which the plaintiff is represented by Plaintiff's counsel. That fact raises additional concerns about the motivations of Plaintiff (or, more accurately, her counsel) that weigh in favor of protecting United as a non-party in the JetBlue Suit. *See Culver v. City of Milwaukee*, 277 F.3d 908, 913 (7th Cir. 2002) ("All [the plaintiff's] moves in this suit were almost certainly the lawyer's. Realistically, functionally, and practically, she is the class representative, not he. 'Experience teaches that it is counsel for the class representative and not the named parties, who direct and manage these actions. Every experienced federal judge knows that any statements to the contrary [are] sheer sophistry.'") (citation omitted). Plaintiff's counsel may not use discovery in the *JetBlue Suit* to attempt to develop facts to use against United in the *Flores Suit*, particularly when discovery in the *Flores* Suit has been stayed. *See Openheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 n.17 (1978) ("[W]hen the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery is properly denied."); *Rosales v. The Placers, Ltd.*, No. 09 C 1706, 2011 WL 846082, at *5 (N.D. Ill. Mar. 8, 2011) (quashing "improper" subpoena that sought to gather discovery for potential claims against

non-party); *CouponCabin, LLC v. Savings.com, Inc.*, CAUSE No.: 2:14-CV-39-TLS-PRC, 2017 WL 541445, at *3 (N.D. Ind. Feb. 10, 2017) (quashing third-party subpoena because the plaintiff was using the discovery process to develop facts for *another* potential lawsuit).

Plaintiff does not need United's testimony on the identified topics for her claims against *JetBlue* (*see* Section I.B., *infra*). Instead, the Subpoena is a thinly veiled attempt by her counsel to impermissibly end-run Judge Alonso's discovery stay in the *Flores* Suit and get a head start on non-reciprocal, burdensome discovery for *that* case. This is not speculation. The Eastern District of Virginia last month entered a protective order prohibiting Plaintiff's counsel from bringing their co-counsel in the *Flores* Suit to a deposition noticed in the JetBlue Suit, recognizing that the *Flores* Suit co-counsel (who were not involved in the JetBlue Suit) had no right to appear at the deposition to gather testimony for their suit against United. *See* Order, *Dolan v. JetBlue Airways Corp.*, No. 3:18-mc-00013-HEH, Dkt. 3 (E.D. Va. Dec. 18, 2018) (ordering that attorneys who represent the plaintiff in the *Flores* Suit "may not attend the deposition" of a witness testifying in the JetBlue Suit).

United's status as a non-party, coupled with Plaintiff's obvious purpose of discovering facts to use against United in the *Flores* Suit, weighs heavily in favor of quashing the Subpoena.

B.     The Subpoena Seeks Information That Is Not Relevant to Plaintiff's Claims in the JetBlue Suit.

None of the information that Plaintiff seeks through the Subpoena is relevant to the merits of her claims in the JetBlue Suit. There is a "difference between the word 'relevant' and the concept of 'relevance to the merits of the litigation.'" *In re Heartland Inst.*, No. 11 C 2240, 2011 WL 1839482, at *3 (N.D. Ill. May 13, 2011). For that reason, courts in this District regularly quash subpoenas that seek information that does not "go to the heart of the matter in the underlying litigation." *Id.* (quashing subpoena seeking information about non-party's actions, where the

complaint did not include conspiracy allegations, the third party's actions were not central to the plaintiff's claims, and the relevance of information sought was "purely hypothetical and tangential"); *see also Automated Sols. Corp. v. Paragon Data Sys., Inc.*, 231 F. App'x 495, 497 (7th Cir. 2007) (district court properly quashed subpoena that sought documents not relevant to the lawsuit); *Apex Mortg. Corp. v. Great N. Ins. Co.*, No. 17 C 3376, 2018 WL 318481, at *4 (N.D. Ill. Jan. 8, 2018) (quashing subpoena because the issuing party could not demonstrate the information sought was relevant to the underlying suit); *Martinez*, 2014 WL 5529644, at *3 ("To require a non-party to sit for a deposition certain, to produce unusable or unnecessary information is to impose an undue burden forbidden by Rules 26 and 45."); *Tresona Multimedia, LLC v. Legg*, No. 15 C 4834, 2015 WL 4911093, at *4 (N.D. Ill. Aug. 17, 2015) (quashing subpoena that sought information that was not relevant to the discrete claims at issue in the underlying lawsuit); *see also Nw. Mem. Hosp. v. Ashcroft*, 362 F.3d 923, 931 (7th Cir. 2004) (when a "fish . . . object[s]" under Rule 45, "the fisherman has to come up with" an explanation of the probative value of the evidence it seeks).

No information that *United* may testify about would be relevant – let alone central – to Plaintiff's claims against *JetBlue* in the JetBlue Suit. To succeed on her FDUTPA claim, Plaintiff must prove a deceptive act or unfair practice *by JetBlue*, and actual damages to Plaintiff caused by *JetBlue's* alleged conduct. *Kertesz v. Net Transactions, Ltd.*, 635 F. Supp. 2d 1339, 1348 (S.D. Fla. 2009). Her unjust enrichment claim requires her to prove that she conferred a benefit on *JetBlue*, which retained the benefit under circumstances that make it inequitable for *JetBlue* to do so. *Extraordinary Title Servs., LLC v. Fla. Power & Light Co.*, 1 So. 3d 400, 404 (Fla. Dist. Ct. App. 2009). Finally, Plaintiff can sustain her RICO claim only if she proves that *JetBlue* operated

the conduct of an enterprise through a pattern of racketeering activity. *Green v. Morningstar Inv. Mgmt. LLC*, No. 17 C 5652, 2019 WL 216538, at *2-3 (N.D. Ill. Jan. 16, 2019).

The information Plaintiff seeks has no probative value for her case against JetBlue. Information related to (1) United's participation in conferences sponsored by Allianz and attended by JetBlue or other travel providers, (2) the pricing for Allianz insurance on United's website as compared to on JetBlue's website, and (3) competition between JetBlue and United with respect to travel insurance policies has *no* bearing on whether Plaintiff was deceived by *JetBlue*, whether *JetBlue* was unjustly enriched at Plaintiff's expense, or whether *JetBlue* carried on a pattern of racketeering activity as part of an enterprise that is *not* alleged to include United. The topics Plaintiff asks United to testify about are not relevant to Plaintiff's claims against JetBlue at all, let alone at "the heart" of her claims.

United anticipates that Plaintiff may argue that the Subpoena is relevant to whether her claims against JetBlue are preempted under the Airline Deregulation Act, 49 U.S.C. § 41713(b)(1). Another court recently rejected that argument, finding that a similar subpoena (attached as Exhibit D) "goes way beyond facts that could be relevant" to the issue of preemption. Ex. C at 2. The court also emphasized that "whether defendant competes with respect to provision of trip insurance (assuming that is the relevant inquiry) is a matter within defendant's knowledge. Logically, discovery from defendant would be the starting point." *Id.*; *see also* Section I.C., *infra*. The Court here should likewise reject Plaintiff's claimed need because the information the Subpoena seeks – about United's conference attendance, pricing uniformity and differences, and competition with JetBlue – has no bearing on whether Plaintiff's claims relate to JetBlue's prices, routes or services. *See Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 226 (1995) (claims against an airline are preempted if they relate to the airline's rates, routes or services); *see also Gordon v. Amadeus IT Grp., S.A.*,

194 F. Supp. 3d 236, 244 (S.D.N.Y. 2016) ("The ADA frees airlines to make decisions relating to their pricing and services; that some decisions may seem to have an anticompetitive effect does not provide an exemption from" ADA preemption).

This factor alone warrants quashing the Subpoena.

C.    The Subpoena Seeks Information that Plaintiff Should Obtain From JetBlue.

"A non-party subpoena seeking information that is readily available from a party through discovery may be quashed as duplicative or cumulative." *Tresona Multimedia*, 2015 WL 4911093, at *3 (quashing subpoena); *see also Earthy*, 2017 WL 4512761, at *3 (quashing subpoena where the issuing parties "ha[d] not shown that they sought discovery using less intrusive means, such as direct discovery" in the underlying litigation); *Heartland Inst.*, 2011 WL 1839482, at *4 (quashing subpoena that sought information that could be obtained from the parties in the underlying litigation and accordingly was "not the least intrusive means of obtaining such information and border[ed] on harassment").

Plaintiff's identified deposition topics all seek information that Plaintiff could obtain from JetBlue (if deemed relevant by the Court in the JetBlue Suit). To the extent United and JetBlue both "participat[ed] in or attend[ed]" conferences sponsored by Allianz related to travel insurance (Subpoena Topic No. 1), Plaintiff should seek information regarding those conferences from JetBlue.[5] Plaintiff can similarly seek information from JetBlue about "[t]he uniformity or differences" in travel insurance pricing on United's and JetBlue's websites (Subpoena Topic No. 2). The same is true of information related to the manner in which *JetBlue* competes with United

_____

[5] To the extent the Subpoena seeks information related to conferences attended by United and "any other travel provider," but *not* JetBlue, that information has no relevance to Plaintiff's suit against JetBlue. (*See* Section I.B., *supra*.)

-10-

(*see* Subpoena Topic No. 3).[6] Plaintiff is not entitled to seek this information from United without and before exhausting direct discovery in the JetBlue Suit.

This factor, too, weights in favor of quashing the Subpoena.

D.     The Subpoenas are Overbroad and Would Impose an Undue Burden on United.

Beyond their irrelevance and cumulativeness, Plaintiff's identified deposition topics are facially overbroad and would require United to spend considerable time and resources preparing one or more witnesses to testify on United's behalf. *Earthy*, 2017 WL 4512761, at *3 (quashing subpoena as overbroad where it "encompass[ed] an unlimited range of information").

Topic No. 2 presents perhaps the most extreme example. It asks United to testify regarding "[t]he uniformity or differences in pricing to consumers" for Allianz travel insurance policies sold on United's website as compared to JetBlue's website. Pricing for travel insurance policies on United's website is inextricably linked to United's fare prices: above a certain minimum policy price, the price of a travel insurance policy on United's website is directly related to the price of the United airfare that the customer wishes to protect through the purchase of a travel insurance policy. Thus, to draw any meaningful comparison between pricing for comparable travel insurance sold on United's and JetBlue's websites, United's witness(es) would need to learn United's airfare prices for any given route, on any given date, in any given fare class, for a period of *four years*, and then compare that information to JetBlue's information (to the extent available to United). With more than half a million domestic flights annually,[7] the burden of gathering this information

---

[6] To the extent Plaintiff seeks *United's* non-public, confidential information about the ways in which United competes with JetBlue, that information has no relevance to Plaintiff's claims against JetBlue (*see* Section I.B., *supra*), and likewise presents an independent basis for quashing the subpoena (*see* Section II, *infra*).

[7] *See* Bureau of Transp. Statistics, available online at https://www.transtats.bts.gov/carriers.asp?pn=1 (select "United Air Lines" from the "carrier" drop-down menu).

and preparing a witness to testify about it vastly outweighs any possible benefit the information might have for the JetBlue Suit.

Topics Nos. 1 and 3 are similarly overbroad: the first would require United to identify every conference, meeting, or "gathering" sponsored by Allianz and attended by any one of United's 88,000 employees *and* by any one of JetBlue's 21,000 employees, over a four-year period. The third, in addition to being hopelessly vague, may require an investigation similar to the first, and likewise would necessitate witnesses from several United departments involved in issues that relate to travel insurance, including Marketing, Corporate Risk Management, and Procurement.

In sum, Plaintiff's Subpoena would impose an immense burden on United, with little to no benefit to Plaintiff in the JetBlue Suit, who should in any event request the information from JetBlue directly. Under these circumstances, Rule 45 requires that the Subpoena be quashed.

## II. The Court Should Quash the Subpoena Under Rule 45(d)(3)(B) Because It Would Require United to Disclose Sensitive Commercial Information.

Under Rule 45(d)(3)(B), a court "may" quash or modify a subpoena that requires "disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(B)(i). Plaintiff's Subpoena asks United to disclose trade secret and other sensitive commercial information about the manner in which it conducts its business related to travel insurance, and "[a]ll ways" in which it competes with JetBlue related to travel insurance. Requiring United to provide this information in the JetBlue Suit will reveal that information to JetBlue, United's fierce competitor, because Plaintiff in the JetBlue Suit refused to execute a Protective Order allowing an Attorneys' Eyes Only designation.[8] *See* Ex. E, § 5. This disclosure to JetBlue of United's internal communications and strategy related to its competition with JetBlue

---

[8] The Protective Order in the JetBlue Suit is attached as Exhibit E.

will certainly, and irreparably, damage United's competitive standing with respect to travel insurance.

Of greater concern, given Plaintiff's conduct in the JetBlue Suit, it is possible that United's trade secret and sensitive commercial information would be disclosed publicly, thereby becoming available to all of United's competitors and the public at large. Although a protective order has been entered in the JetBlue Suit that allows any party producing discovery to designate a document as confidential (*see* Ex. E, § 5(a)), Plaintiff has taken the position that documents designated as confidential in discovery may be *publicly filed*. Resp. To Motion to Seal, *Dolan*, Dkt. 40 (S.D. Fla. Jan. 9, 2019). Accordingly, there is a realistic likelihood that Plaintiff will attempt to publicly file United's testimony in the JetBlue Suit, where United is not a party and cannot protect its interest. In light of this risk, especially when imposed on a non-party like United, the Court should exercise its discretion to quash the Subpoena. *See Am. Soc'y of Media Photographers, Inc. v. Google, Inc.*, No. 13 C 408, 2013 WL 1883204, at *5 (N.D. Ill. May 6, 2013) (fact that subpoena requested disclosure of confidential business information supported quashing, even though protective order was in place in the underlying suit).

## III. The Court Should Independently Quash the Subpoena Under Rule 26.

In addition to complying with Rule 45, a subpoena must also comply with Rule 26. Fed. R. Civ. P. 26(b)(1) (setting forth "the scope of discovery"); *Earthy*, 2017 WL 4512761, at *3 (applying Rule 26(b)(2)(C) to quash subpoena). Under Rule 26(b)(2)(C), the Court "must" limit discovery when (1) the discovery "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; (2) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"; or (3) "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). The Subpoena is improper under Rule 26 as well.

-13-

As explained above (Section I.C., *supra*), the Subpoena seeks documents and information that, to the extent relevant to her claims, Plaintiff can obtain directly from JetBlue in discovery in the JetBlue Suit. The Subpoena is therefore "unreasonably cumulative [and] duplicative" and Plaintiff will have "ample opportunity to obtain the information by discovery in the" JetBlue Suit. Fed. R. Civ. P. 26(b)(2)(C); *Earthy*, 2017 WL 4512761, at \*3 (quashing deposition subpoena under Rule 26 because the issuing party could have obtained the requested information from sources other than the subpoenaed person); *Ameritox, Ltd. v. Millennium Labs., Inc.*, No. 12-cv-7493, 2012 WL 6568226, at \*3 (N.D. Ill. Dec. 14, 2012) (quashing document and deposition subpoenas under Rule 26 because the information requested from the non-parties was sought from one of the parties).

To the extent Plaintiff seeks information or documents that *cannot* be obtained from JetBlue, those requests are not "proportional to the needs of the case" and therefore are "outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(1), (b)(2)(C)(iii). As one court explained proportionality, "where the book is not worth the candle," proportionality principles require that a subpoena be quashed. *Uppal*, 124 F. Supp. 3d at 814-15.[9] Here, any information that Plaintiff could learn about *United's* travel insurance-related practices would have no bearing on Plaintiff's claims against JetBlue.

## CONCLUSION

For these reasons, Movant United Airlines, Inc. respectfully requests that the Court quash Plaintiff's Subpoena and award United any further relief that the Court deems appropriate.

---

[9] The *Uppal* court invoked the proportionality requirement then implicit in Rule 26(b)(2)(C)(iii) before the Federal Rules formally adopted the proportionality requirement to define the scope of discovery. *Uppal*, 124 F. Supp. 3d at 814-15.

Dated: January 22, 2019

Respectfully submitted,

/s/ *Sondra A. Hemeryck*
Sondra A. Hemeryck
Tal C. Chaiken
RILEY SAFER HOLMES & CANCILA LLP
Three First National Plaza
70 West Madison Street, Suite 2900
Chicago, Illinois 60602
Tel. 312-471-8700
Fax. 312-471-8701
shemeryck@rshc-law.com
tchaiken@rshc-law.com

*Attorneys for Movant United Airlines, Inc.*

## CERTIFICATE OF SERVICE

I, Sondra A. Hemeryck, certify that on January 22, 2019, I served a copy of the foregoing Memorandum of Law in Support of Non-Party United Airlines' Motion to Quash Deposition Subpoena on the following counsel of record in *Milita Barbara Dolan v. JetBlue Airways Corp.*, Case No. 0:18-cv-62193-RNS (S.D. Fla.), by causing a copy to be sent by United States Mail, postage-prepaid, and by electronic mail, addressed as follows:

Scott B. Cosgrove
(scosgrove@leoncosgrove.com)
Alec H. Schultz
(aschultz@leoncosgrove.com)
John R. Byrne (jbyrne@leoncosgrove.com)
Jeremy Kahn (jkahn@leoncosgrove.com)
LEÓN COSGROVE, LLP
255 Alhambra Circle, Suite 800
Coral Gables, Florida 33134

Paul J. Geller (pgeller@rgrdlaw.com)
Stuart A. Davidson
(sdavidson@rgrdlaw.com)
Jason H. Alperstein
(jalperstein@rgrdlaw.com)
Christopher C. Gold (cgold@rgrdlaw.com)
Bradley Mathew Beall
(bbeall@rgrdlaw.com)
ROBBINS GELLER RUDMAN & DOWD LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, Florida 33432

Randall P. Ewing, Jr.
(rewing@koreintillery.com)
KOREIN TILLERY LLC
205 N. Michigan Ave., Suite 1950
Chicago, IL 60601

*Attorneys for Plaintiff Milita Barbara Dolan*

Lazaro Fernandez Jr.
(lfernandez@stackfernandez.com)
Denise B. Crockett
(dcrockett@stackfernandez.com)
STACK FERNANDEZ & HARRIS, P.A.
1001 Brickell Bay Drive, Suite 2650
Miami, Florida 33131

Gayle I. Jenkins (gjenkins@winston.com)
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071

*Attorneys for Defendant JetBlue Airways Corp.*

/s/ Sondra A. Hemeryck_____

4824-2433-6774, v. 1

-16-